**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

|  |  |  |
|---|---|---|
| JOSIAH DAVIS, and EMILY DAVIS, | | |
| Plaintiffs, | | CIVIL ACTION NO.: 5:24-cv-15 |
| v. | | |
| STATE FARM FIRE AND CASUALTY COMPANY, | | |
| Defendant. | | |

## **O R D E R**

Plaintiffs filed a Motion for Leave to Designate Josiah Davis as a Non-Retained Expert Witness.  Doc. 162.  Defendant filed a Response in opposition.  Doc. 180.  Plaintiffs filed a Reply.  Doc. 181.  The Court **DENIES** Plaintiffs' Motion.  While the Court may impose alternative sanctions, exclusion in these circumstances is generally "automatic and mandatory." Predelus v. Atain Specialty Ins. Co., Case No. 21-23382-Civ, 2022 WL 11202228, at *8 (S.D. Fla. Oct. 19, 2022) (citing Cooper v. Southern Co., 390 F.3d 695, 728 (11th Cir. 2004)). Therefore, Josiah Davis may not offer any expert opinion in this case.

Defendant subsequently filed a Motion to Exclude the Second Declaration of Josiah Davis.  Doc. 167.  In that Motion, Defendant argues that Mr. Davis should be barred from offering any expert opinions because the evidence fails to satisfy the requirements of Federal Rule of Evidence 702 governing expert testimony.  Because I conclude that Mr. Davis is not a properly disclosed expert in any case, I **DENY as moot** the Motion to Exclude.  To the extent Defendant objects to Mr. Davis's second declaration as improper lay witness testimony, I address those arguments by separate Order.

**BACKGROUND**

Plaintiffs filed suit against Defendant regarding a fire that occurred at their home. Doc. 97.  Plaintiffs allege that they maintained an insurance policy with Defendant, insuring their home against loss.  Id.  Plaintiffs allege that, after the fire, they filed a claim under their policy, but Defendant failed or refused to pay it.  Id. at 3–6.  Plaintiffs also allege that they had a second contract to use a third-party contractor, ServPro, to do the repairs.  Id. at 7.  Plaintiffs refer to the contract as a "PSP Agreement" that Defendant also failed to honor.  Id.  Plaintiffs assert claims for breach of contract, bad faith, breach of contract outside the policy, breach of legal duty, and punitive damages.  Id. at 27–36.

Defendant filed a Motion for Partial Summary Judgment.  Doc. 111.  Defendant argues that Plaintiffs' claim for the replacement cost value of the home and contents fails as a matter of law because Plaintiffs did not adhere to relevant policy obligations.  Doc. 111-1 at 12–13. Defendant argues that Plaintiffs' bad faith claim fails as a matter of law because Defendant had a reasonable ground to dispute the policy, which precludes bad faith.  Id. at 13–19.  Defendant further argues that Plaintiffs' claim for breach of contract outside the policy fails because Defendant is not a party to the PSP Agreement.  Id. at 20–22.  Defendant argues that Plaintiffs' claim for breach of legal duty fails because it impermissibly asserts a tort claim for a contract dispute.  Id. at 22–23.  Finally, Defendant argues that Plaintiff is not entitled to punitive damages because Georgia law provides an exclusive remedy for extra-contractual damages in the insurance context.  Id. at 23.

Plaintiffs filed a Response in opposition to Defendant's Motion for Summary Judgment, arguing that genuine disputes of material fact exist as to their claims and asserting that

Defendant's arguments are "factually incorrect."  Doc. 145 at 9, 10, 11.  In support, Plaintiffs attached the second declaration of Josiah Davis.  Doc. 145-2.

Defendant filed Objections to Josiah Davis's second declaration.  Doc. 151.  Defendants argue in the Objections that Josiah Davis's second declaration contains expert testimony, that Plaintiffs never designated Josiah Davis as an expert, and that the deadline to do so has expired. Id. at 2.

Plaintiffs responded to Defendant's Objections, arguing that Josiah Davis's second declaration is proper lay testimony and that, even if it were expert testimony, they would file a motion for leave to designate him as an expert.  Doc. 163.  Plaintiffs subsequently filed the instant Motion for Leave to Designate Josiah Davis as a Non-Retained Expert Witness. Doc. 162.

The deadline to serve expert witness reports in this case was July 28, 2025, and discovery closed on April 3, 2026.  Docs. 75, 135.

**DISCUSSION**

Plaintiffs argue that Mr. Davis is "qualified as an expert to provide the testimony in [his] Second Declaration as a non-retained expert . . . directed to the subject of inadequacy of State Farm's Final Estimate to properly repair the insured property."  Doc. 162 at 2.  Plaintiffs further explain that Defendant's objection to Mr. Davis's testimony "is the first time State Farm has raised this objection despite the fact . . . State Farm has been aware of Mr. Davis'[s] role in managing and conducting renovations to the insured property and criticizing the [f]inal estimate as woefully inadequate to properly repair his home throughout the dispute."  Id.

Defendant argues in response that Plaintiffs never identified Josiah Davis as an expert before the expert disclosure deadline.  Doc. 180 at 1–2.  Defendant argues that this late disclosure is prejudicial because discovery has been closed since April 3, 2026.  Id. at 2–3.

Plaintiffs filed a Reply, arguing that this case is distinct as they only moved to designate Josiah Davis as an expert because he is the policyholder in this insurance dispute and wishes to testify in rebuttal to Defendant's summary judgment arguments.  Doc. 181 at 2–3.  Plaintiffs also cite Josiah Davis's medical history as a "[u]nique factual consideration pertinent to this particular case."  Id. at 3.

A party "must disclose to the other parties the identity of any witness it may use at trial to present" expert testimony.  Fed. R. Civ. P. 26(a)(2)(A).  Disclosures for a non-retained expert must state the subject matter about which the witness will testify and a summary of the facts and opinions about which the witness will testify.  Fed. R. Civ. P. 26(a)(2)(C).  Those disclosures must occur "at the times and in the sequence that the court orders."  Fed. R. Civ. P. 26(a)(2)(D).  An untimely disclosure is subject to Rule 37.  That Rule bars the late-disclosing party from using a witness if the party failed to identify the witness as Rule 26 requires "unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  The district court "has broad discretion in determining whether a violation is justified or harmless."  Abdulla v. Klosinski, 898 F. Supp. 2d 1348, 1359 (S.D. Ga. 2012) (citation omitted).  The bounds of the Court's discretion are based on "(1) the explanation for the failure to disclose the witness, (2) the importance of the testimony, and (3) the prejudice to the opposing party if the witness had been allowed to testify."  Romero v. Drummond Co., 552 F.3d 1303, 1321 (11th Cir. 2008).  In sum, unless a failure to timely disclose an expert is justified or harmless, that expert may not provide expert opinions in the case.

It is undisputed that Plaintiffs' expert disclosure for Josiah Davis is untimely.  Plaintiffs filed the instant Motion on April 15, 2026, nine months after the Scheduling Order's disclosure deadline and almost two weeks after the close of discovery.  Therefore, their late disclosure may only be excused if it was substantially justified or is harmless.  It is neither.

Plaintiffs' explanations for their failure to disclose Josiah Davis as an expert are unconvincing.  Plaintiffs primarily argue that Defendant has never objected to Josiah Davis's testimony before "despite the fact" that Defendant "has been aware of Mr. Davis's role in managing and conducting renovations to the insured property and criticizing the Final Estimate as woefully inadequate to repair his home throughout the dispute."  Doc. 162 at 2.  In essence, the argument is that Defendant should have inferred that Plaintiffs intended to present Josiah Davis as an expert even though Plaintiffs never disclosed him as one.  But that argument places the burden entirely on the party opposing disclosure to make its opposition known before the purported expert is ever disclosed.  Such a burden does not exist and would be impossible to meet.

Next, Plaintiffs' own briefing undermines the importance of Mr. Davis's testimony.  Plaintiffs state in their Reply that they "have retained expert witnesses who will also be available to address this subject matter" but that Mr. Davis "prefers to also be able to testify on his own behalf . . . ."  Doc. 181 at 3.  Plaintiffs seemingly acknowledge here that they have expert testimony prepared on the same points to which Mr. Davis intends to testify.  While they may prefer for him to provide his own expert testimony, the testimony does not appear to be strictly necessary.

Finally, Defendant would be prejudiced if Plaintiffs were permitted this late disclosure.  "Prejudice generally occurs when late disclosure deprives the opposing party of a meaningful

5

opportunity to perform discovery and depositions related to the documents or witnesses in question." Bowe v. Public Storage, 106 F. Supp. 3d 1252, 1260 (S.D. Fla. 2015) (citation omitted). Here, Defendant has had *no* opportunity to perform discovery concerning Mr. Davis's expert testimony, much less a meaningful one. This case has been pending for over two years, the expert disclosure deadline passed in July 2025, and discovery is now closed. The parties' summary judgment motions are fully briefed and set for a hearing. Allowing such a late expert disclosure would be plainly prejudicial.

Plaintiffs' argument that this Motion's "specific facts and circumstances" support allowing a late disclosure is similarly unconvincing. Doc. 181 at 1–2. First, Plaintiffs argue that Mr. Davis's status as the policyholder testifying on his own behalf renders this case distinct. Id. at 2. But that argument does not address the fact that their disclosure of him as an expert is nine months late. Second, Plaintiffs argue that their intention to present Mr. Davis's testimony in rebuttal to Defendant's evidence in support of their summary judgment arguments also excuses their late disclosure. Id. at 2. This argument fails for two reasons. One, it does nothing to address the Scheduling Order deadline. Two, Defendant first filed the exhibits that Plaintiff wants to rebut with Josiah Davis's testimony on August 27, 2025 and on September 30, 2025. Docs. 81, 99. Plaintiffs were aware, then, of these exhibits for over six months before they chose to disclose Josiah Davis as an expert. Plaintiffs provide no explanation for this extreme delay in disclosure, even if the evidence is intended to rebut Defendant's summary judgment arguments. Third, and finally, Plaintiffs argue that Josiah Davis's medical history is a "[u]nique factual consideration pertinent to this particular case." Doc. 181 at 3. Plaintiffs argue that, due to this medical history, it was "uncertain whether Mr. Davis would survive and be in condition to deliver the testimony in his Second Declaration at trial." Id. That argument would address the

use of the declaration at trial, but it does not address the untimeliness of the expert disclosure itself or allowing Mr. Davis to offer expert opinions generally.  And it does not address the importance of Mr. Davis's testimony or prejudice to Defendant.

Because Plaintiffs' disclosure of Josiah Davis as an expert is untimely and because the late disclosure is neither substantially justified nor harmless, Mr. Davis may not offer any expert opinion testimony in this case.  Fed. R. Civ. P. 37(c)(1).

<b>CONCLUSION</b>

For the foregoing reasons, I **DENY** Plaintiffs' Motion for Leave to Designate Josiah Davis as Non-Retained Expert Witness.  Doc. 162.  I **DENY as moot** Defendant's Motion to Exclude the Second Declaration of Josiah Davis.  Doc. 167.

**SO ORDERED**, this 5th day of June, 2026.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA