**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

JOSIAH DAVIS, and EMILY DAVIS,

        Plaintiffs,

        v.

STATE FARM FIRE AND CASUALTY
COMPANY,

        Defendant.

CIVIL ACTION NO.: 5:24-cv-15

**O R D E R**

Defendant filed a Motion to Exclude the Declaration of Shaun Markwardt. Doc. 140 (Shaun Markwardt's declaration is located at Docket Number 121). Plaintiffs filed a Response in opposition. Doc. 156. Defendant filed a Reply. Doc. 177. For the following reasons, the Court **GRANTS in part** and **DENIES in part** Defendant's Motion to Exclude.

The Court sustains some of Defendant's objections in their entirety and excludes the following Paragraphs in their entirety: 5, 6, 7, 8, 9, 10, 11, 12, 13, 33, 39, 40, 42, 47, 57, 62, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, and 76.

The Court sustains in part and overrules in part some of Defendant's objections, such that only the impermissible portions of the following Paragraphs are excluded: 19, 41, 52, 53, 58, 74, and 75.

Finally, the Court overrules Defendant's remaining objections and does not exclude the following Paragraphs: 3, 14, 16, 17, 20, and 54.

**BACKGROUND**

Plaintiffs filed suit, alleging that they held a home insurance policy with Defendant. Doc. 97.  Plaintiffs allege that a fire occurred at the home and that Defendant violated the policy by refusing to conduct proper repairs.  Id.  Plaintiffs assert claims for breach of the policy, breach of contract outside the policy, bad faith, breach of legal duty, and punitive damages.  Id. at 27–37.

Plaintiffs filed a Motion for Partial Summary Judgment.  Doc. 114.  In support of the motion, Plaintiffs filed the declaration of Shaun Markwardt.  Doc. 121.  In the declaration, Markwardt represents that he is a retained expert in the case and served as Plaintiffs' public adjuster during "most of State Farm's handling of the Davises' insurance claim."  Id. ¶ 1.  The declaration is 76 paragraphs long and consists primarily of a narrative of events around the insurance dispute and Markwardt's opinions about Defendant's claims handling in the case.  Id.

Defendants filed a Motion to Exclude, citing Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993). Doc. 140 at 1.  Defendants object to multiple paragraphs of the Markwardt declaration, contending they do not meet the Daubert standard for admissibility.  Id. at 2. Defendant argues that Markwardt makes improper legal conclusions, makes rhetorical arguments that do not require expert testimony, engages in speculation, and improperly comments on witness credibility.  Id.

Plaintiffs filed a Response.  Doc. 156.  Plaintiffs argue that Markwardt's declaration is proper expert testimony.  Id. at 2.  Plaintiffs argue that much of what Defendant seeks to exclude constitutes "background and context" that will be helpful to "understanding the issues in dispute."  Id. at 5.

**LEGAL STANDARD**

The United States Supreme Court's holding in <u>Daubert v. Merrell Dow Pharmaceutical, Inc.</u>, 509 U.S. 579 (1993), and the text of Rule 702 require trial judges to serve as gatekeepers in determining the admissibility of expert testimony; however, any decision regarding admissibility is not a position on the strength or weight of the testimony.  Fed. R. Evid. 702; <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137, 141 (1999).  In this Circuit, courts routinely look to three elements to determine if expert testimony is admissible under <u>Daubert</u> and Rule 702.  As the Eleventh Circuit Court of Appeals has stated, the elements for consideration are whether:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in <u>Daubert</u>; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

<u>United States v. Frazier</u>, 387 F.3d 1244, 1260 (11th Cir. 2004) (citations omitted).  "[A]lthough there is some overlap among the inquiries into an expert's qualifications, the reliability of his proffered opinion and the helpfulness of that opinion, these are distinct concepts that courts and litigants must take care not to conflate."  <u>Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.</u>, 326 F.3d 1333, 1341 (11th Cir. 2003).  The trial court has broad latitude in evaluating each of these three factors.

As to qualifications, an expert may be qualified "by knowledge, skill, training, or education."  <u>Hendrix ex rel. G.P. v. Evenflo Co.</u>, 609 F.3d 1183, 1193 (11th Cir. 2010).  The expert need not have experience precisely mirroring the case at bar in order to be qualified.  <u>Maiz v. Virani</u>, 253 F.3d 641, 665 (11th Cir. 2001).  However, where an expert does have experience directly applicable to an issue at bar, experience alone may provide a sufficient foundation for expert testimony.  <u>Frazier</u>, 387 F.3d at 1261.

3

As to reliability, courts look, when possible, to: (1) whether the expert's theory can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error of the particular scientific technique; and (4) whether the technique is generally accepted in the scientific community. Daubert, 509 U.S. at 593–94. However, these factors are not exhaustive, and "a federal court should consider any additional factors that may advance its Rule 702 analysis." Quiet Tech., 326 F.3d at 1341. At all times in this flexible inquiry, the court's focus must be "solely on principles and methodology, not on the conclusions that they generate." Seamon v. Remington Arms Co., LLC, 813 F.3d 983, 988 (11th Cir. 2016) (citation omitted).

Finally, as to the third element, expert testimony is likely to assist the trier of fact to the extent "it concerns matters beyond the understanding of the average lay person and logically advances a material aspect of the proponent's case." Kennedy v. Elec. Ins. Co., Case No. 4:18-cv-148, 2019 WL 2090776, at *5 (S.D. Ga. May 13, 2019) (citing Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 591 (1993)); Frazier, 387 F.3d at 1262–63. Rule 702 permits experts to make conclusions based on competing versions of the facts, but those conclusions must still assist the trier of fact by explaining something that is "beyond the understanding of the average lay person." Jackson v. Catanzariti, No. 6:12-CV-113, 2019 WL 2098991, at *10 (S.D. Ga. May 14, 2019) (citing United States v. Frazier, 387 F.3d 1244, 1262 (11th Cir. 2004)). Expert testimony generally will not help the trier of fact "when it offers nothing more than what lawyers for the parties can argue in closing arguments." Id. (quoting Cook v. Sheriff of Monroe Cnty., 402 F.3d 1092, 1111 (11th Cir. 2005)). Such testimony "is properly excluded when it is not needed to clarify facts and issues of common understanding which jurors are able to comprehend

4

for themselves." <u>Hibiscus Assocs. Ltd. v. Bd. of Trs. of Policemen & Firemen Ret. Sys.</u>, 50 F.3d 908, 917 (11th Cir. 1995) (citations omitted).

"The burden of laying the proper foundation for the admission of the expert testimony is on the party offering the expert, and the admissibility must be shown by a preponderance of the evidence." <u>Allison v. McGhan Med. Corp.</u>, 184 F.3d 1300, 1306 (11th Cir. 1999); <u>McCorvey v. Baxter Healthcare Corp.</u>, 298 F.3d 1253, 1257 (11th Cir. 2002).  However, "it is not the role of the district court to make ultimate conclusions as to the persuasiveness of proffered evidence." <u>Quiet Tech.</u>, 326 F.3d at 1341.  Instead, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." <u>Daubert</u>, 509 U.S. at 596.

## DISCUSSION

At the outset, it is important to note that Defendant frames its Motion as a motion to exclude under Federal Rule of Evidence 702 and <u>Daubert</u>, but many of the arguments raised in the Motion do not relate to standards set forth in 702 or <u>Daubert</u>, such as qualifications, reliability, and helpfulness.  Moreover, Defendant does not appear to raise a traditional <u>Daubert</u> motion, in the sense that it would preclude Markwardt from offering certain expert opinions or preclude him from testifying altogether.  Instead, Defendant makes several challenges to individual paragraphs of Markwardt's declaration on the grounds that the statements made in those portions of the declaration are not presented in a form that would be admissible and, therefore, should not be considered for the purposes of summary judgment.  Consequently, I treat Defendant's Motion as a series of objections under Federal Rule of Civil Procedure 56(c)(2) to certain assertions contained in Markwardt's declaration.

I.      **Objections That Testimony Consists of Legal Conclusions, Ultimate Issue, and Argument to Be Made By Counsel**

Defendant argues that Paragraphs 3, 8, 10, 11, 12, 13, 14, 19, 41, 52, 53, 54, 58, 62, 74, 75, and 76 should be excluded on the basis that these Paragraphs are "nothing more than a recast of [P]laintiffs' contentions." Doc. 140 at 49.  Defendant argues these Paragraphs offer "nothing more than what plaintiffs' counsel can argue in closing argument." Id.  Defendant contends that, for these reasons, the testimony will not assist the trier of fact.  Id.

Plaintiffs argue in response that Paragraphs 3, 8, 10, 13, 14, 19, 41, and 52 address "background and context" that "will be helpful to assist the Court and the jury in understanding the issues in dispute." Doc. 156 at 4–5.  Plaintiffs then argue that Paragraphs 54, 58, 62, 74, 75, and 76 concern Markwardt's analysis of "intricate, interrelated, technical, and in some cases cryptic documents" that the Court and jury will not be expected to "unscramble from the raw claim file without expert assistance, and not something counsel can simply drop into closing argument without supporting expert testimony." Id. at 5.

An expert "may not testify to the legal implications of conduct or tell the jury what result to reach." Commodores Entm't Corp. v. McClary, 879 F.3d 1114, 1128 (11th Cir. 2018) (citation and marks omitted).  And to be helpful to a jury, the expert testimony must offer more "than what lawyers for the parties can argue in closing arguments." Cook v. Sheriff of Monroe Cnty., 402 F.3d 1092, 1111 (11th Cir 2005).  What is more, an "imprecise opinion easily could serve to confuse the jury[] and might [mislead] it." Id. (quoting United States v. Frazier, 387 F.3d 1244, 1266 (11th Cir. 2001)).

My rulings on this group of Defendant's objections fall into three categories.  First, some challenged Paragraphs consist entirely of impermissible testimony.  For those Paragraphs, I sustain the objections and exclude the entirety of the Paragraph.  Second, some challenged

Paragraphs contain a mix of information that is permissible (e.g., factual statements and proper expert opinion) and impermissible information (e.g., legal conclusions, ultimate results, or argument that counsel can make in closing arguments). For those objections, I sustain in part and overrule in part. Third, a few challenged Paragraphs consist entirely of permissible information. For those Paragraphs, I overrule the objections in their entirety. Below, I address each category.

***Objections to Paragraphs 8, 10, 11, 12, 13, and 76: Sustained.*** Paragraph 8 consists entirely of Markwardt's legal conclusion about the duties owed under the PSP program, and it is, therefore, impermissible. Doc. 121 ¶¶ 3, 8. Paragraph 10 consists entirely of Markwardt's characterization of the legal obligations under the PSP program generally and his view that the program is a good one. Id. ¶ 10. At best, Paragraph 10 is legal argument that counsel could make in closing. Paragraph 11 consists entirely of argument that could be made by counsel during closing argument and contains no fact or opinion testimony that could be made by a witness.[1] Id. ¶ 11. In Paragraph 12, Markwardt directly interprets the PSP program documents, discussing "any fair reading of the PSP Agreement." Id. ¶ 12. Paragraph 12 is plainly offering a legal conclusion. Paragraph 13 consists almost entirely of argument about the relative positions

---

[1]     Paragraph 11 is a compelling example of the inadmissible portions of Markwardt's affidavit. In that Paragraph, he states:

> This litigation tells the story of a well-intentioned PSP program gone awry when a rogue claim adjuster, abetted by an equally rogue management-level supervisor, insert themselves into the proverbial "fox in the hen house" situation for whatever nest-feathering or biblical jealousy there was to gain—at the expense of an elderly couple who will be left homeless and destitute if State Farm wriggles off the hook in this litigation.

The language contained in Paragraph 11 is plainly argumentative and consists of no facts or expert opinions. Instead, Markwardt merely advocates like a lawyer for Plaintiffs. This partisan argument, masquerading as witness testimony, is completely inadmissible. Plaintiffs may implicitly concede the impropriety of this testimony, given that they failed to even mention Paragraph 11 in their response to Defendant's Motion.

of Defendant as a "behemoth" and Plaintiffs as "elderly and suffering two heart attacks and the loss of their golden years." Id. ¶ 13. Paragraph 76 consists entirely of rhetorical argument, referring to Plaintiffs as "destitute and bogged down in years of litigation." Id. ¶ 76. Because each of these paragraphs contain only impermissible testimony, I sustain the objections to these Paragraphs in their entirety.

*Objections to Paragraphs 19, 41, 52, 53, 58, 74, and 75: Sustained in part and overruled in part.* Paragraph 19 contains a mix of Markwardt's bare conclusion that State Farm acted contrary to a contract (impermissible testimony) and Markwardt's opinions about State Farm's handling of Plaintiffs' claim (permissible testimony). Id. ¶ 19. Paragraph 41 contains a mix of speculative accusations about Defendant's bad faith motivations (impermissible testimony) and factual statements about Defendant's arson investigation (permissible testimony). Id. ¶ 41. Paragraph 52 contains a mix of argument that counsel could make about the legality and propriety of Defendant's conduct (impermissible testimony) and Markwardt's opinion about what a contractor can and cannot do when estimating home repair (permissible testimony). Id. ¶ 52. Paragraph 53 contains a mix of counsel argument and Markwardt's speculation of Defendant's knowledge (impermissible testimony) and Markwardt's opinion about what he thinks should have happened during the repair process (permissible testimony). Id. ¶ 53. Paragraph 58 contains a mix of legal conclusion about what Defendant's legal obligations under the PSP (impermissible testimony) and a description of Defendant's actions and evidence in the case (permissible testimony). Id. ¶ 58. Paragraph 74 contains a mix of counsel argument, legal conclusion, and ultimate issue testimony (impermissible testimony) and Markwardt's opinions about the claims handling process in this case (permissible testimony). Id. ¶ 74. Paragraph 75 contains a mix of counsel argument and ultimate issue testimony (impermissible testimony) and

Markwart's opinions about the effect of Defendant's actions on Plaintiffs' ability to have repair work performed on Plaintiffs' property.  Id. ¶ 75.  Because each of these Paragraphs contains a mix of impermissible and permissible testimony, I sustain the objections to the impermissible portions and overrule the objections to the remainder of each Paragraph.

***Objections to Paragraphs 3, 14, 54, and 62: Overruled.***  Paragraph 3 consists of background information about the case that informs Markwardt's later testimony.  Id. ¶ 3.  Paragraph 14 is a narrative description of deposition transcripts and file notes.  Id. ¶ 14.  Paragraph 54 is a summary of a phone call and file notes.  Id. ¶ 54.  Paragraph 62 is Markwardt's opinion about ServPro's reasons for declining to perform work on Plaintiffs' property.[2]  Id. ¶ 62.  These Paragraphs do not contain legal conclusions or counsel argument.

In sum, the Court:

1.  Sustains the Objections to Paragraphs 8, 10, 11, 12, 13, and 76;

2.  Sustains in part and overrules in part the Objections to Paragraphs 19, 41, 52, 53, 58, 74, and 75; and

3.  Overrules the Objections to Paragraphs 3, 14, 54, and 62.

## II.   Objections That Testimony Attempts to Interpret the PSP Program Documents

Defendant argues Paragraphs 5, 6, 7, 13, 73, and 75 should be excluded on grounds that these Paragraphs offer impermissible legal opinions.  Doc. 141.  Defendant contends that Paragraphs 5, 6, and 7 are "nothing more than Mr. Markwardt's unqualified opinion concerning the interpretation of a contract."  Doc. 141 at 4.  Defendant argues that Paragraphs 13, 73, and 75 include expert legal opinions, but "Mr. Markwardt is a public adjuster, not an attorney," and

---

[2]     Although I overrule this portion of Defendant's objection to Paragraph 62, I sustain Defendant's other objection below and, thus, exclude Paragraph 62.

"expert legal opinion is not admissible under Fed. R. Evid. 702 because it invades the province of the Court." Id. at 14.

Plaintiffs argue in response that Markwardt's "training and expertise as a Public Adjuster includes reviewing, understanding and applying legal standards to the wide variety of legal and factual documents constituting an insurance claim file." Doc. 156 at 7. Plaintiffs argue that Markwardt's analysis is not contract interpretation or legal opinion but is "the essence of insurance claim handling analysis, squarely within Mr. Markwardt's field of expertise." Id. at 8.

Interpretation of contracts, including insurance policies, is a "legal conclusion that experts may not opine on." Great Lakes Ins. Se. v. Williams, Case No. 1:23-CV-23556, 2025 WL 2144467, at *5 (S.D. Fla. Mar. 31, 2025) (collecting cases); see Rosen v. Protective Life Ins. Co., 817 F. Supp. 2d 1357 (N.D. Ga. 2011) (excluding proposed testimony that "seeks to displace the role of the Court by offering [the expert's] opinion on the scope of the obligations described by the unambiguous language of the [contract]"). The only time an expert may testify about contract terms is if the language in the contract is ambiguous. "Absent a finding of ambiguity, expert testimony regarding the interpretation of an insurance policy is clearly not admissible." Pa. Nat'l Mut. Cas. Ins. Co. v. All State Constr., Inc., 761 F. Supp. 2d 1306, 1311 (M.D. Ala. 2011). And even if a contract is ambiguous, expert testimony is only admissible in limited circumstances, such as to "clarify or define terms of art, science, or trade." LM Ins. Corp. v. Halleluyah Restoration, LLC, CV 422-011, 2023 WL 2401570, at *7 (S.D. Ga. Mar. 8, 2023) (quoting SEC v. Goldsworthy, Civ. Action No. 06-10012, 2008 WL 2943398, at *12 (D. Mass. Jan. 3, 2008)).

In Paragraphs 5 and 6 of the declaration, Markwardt discusses the relative obligations of parties to a "PSP Agreement," which is one of the contracts relevant to this case. Markwardt

10

explains why, in his view, the contract contains certain terms and how those terms impact parties to the contract, and he provides opinions about different parties' interests in the contract terms. Doc. 121 ¶¶ 5, 6. Paragraph 7 restates some of the contract terms, sometimes in Markwardt's words and sometimes verbatim. Id. ¶ 7. Paragraph 13 interprets the PSP program documents and offers opinions about the parties' duties and obligations under the documents, with special emphasis on Defendant's purported fiduciary duties. Id. ¶ 13. Paragraph 73 consists entirely of legal conclusions. Id. ¶ 73. In each of these Paragraphs, Markwardt plainly provides direct legal conclusions about contract duties, fiduciary duties, and breach. These sorts of opinions are the exact type of legal conclusions that the Rules of Evidence forbid experts from making. In addition, there is no argument or indication that any of the contract terms in question are ambiguous and no argument or indication that Mr. Markwardt is qualified to clarify that ambiguity even if it existed. Paragraphs 5, 6, 7, 13, and 73 are excluded in their entirety.

Finally, as noted above, Paragraph 75 contains a mix of counsel argument and ultimate issue testimony (impermissible testimony) and Markwart's opinions about the effect of Defendant's actions on Plaintiffs' ability to have repair work performed on Plaintiffs' property. Id. ¶ 75. I sustain Defendant's objections to the impermissible portions of Paragraph 75 and overrule the objections to the remainder of the Paragraph.

### III. Objections That Testimony Contains Improper Opinions on Public Interest

Defendant argues that Paragraph 9 should be excluded on grounds that it includes testimony about a "purported public interest in the repair of plaintiffs' property." Doc. 141 at 9. Defendant argues that the existence of such an interest "unquestionably does not constitute an issue before the Court in this case." Id.

11

Plaintiffs argue the objection should be "denied as a matter of common sense and because the public interest denied by State Farm is beyond legitimate challenge as the legal and constitutional basis for insurance regulation under" O.C.G.A. §§ 33-6-34 and 33-4-6.  Doc. 156 at 10.  Plaintiffs argue this testimony is "well within the scope" of Markwardt's expert testimony because his "profession is rounded in the v[e]ry public interest."  Id.

Markwardt states in Paragraph 9 that there is a "great deal of benefit for all three parties in [a] PSP Agreement, which is also in the public interest in helping to ensure that insured properties get repaired proper[l]y, rather than getting left unrepaired creating a blight on the landscape."  Doc. 121 ¶ 9.  Markwardt concludes that "[n]obody, after all, should want to see a fully insured historic property on King Street a stone's throw from the downtown in a small town like Hoboken, Georgia, left burned up and unrepaired after a fire that was—at least initially— within policy limits."  Id.

Paragraph 9 is not helpful to the factfinder.  Whether a repaired historic home is in the public interest is entirely irrelevant to the claims in this case, none of which have public interest as an element.  This information does not provide background information that helps inform Markwardt's testimony, and whether a contract benefits the parties or the public is of no moment here.  Plaintiffs' citations to law do not change that fact.  Neither of the statutes Plaintiffs cite mention public interest anywhere in their text and an unstated "legal and constitutional basis" for legislation does not create any legal duty that either side must prove in court.  Paragraph 9 is inadmissible because it is irrelevant to this case and would therefore not aid the factfinder.

## IV.   Objections That Opinion Testimony Lacks Foundation

Defendant argues that Paragraphs 16, 17, and 20 should be excluded because "the opinion gives no foundation for this testimony."  Doc. 140 at 17.  Plaintiffs argue in response

that the Paragraphs refer to exhibits to Markwardt's expert report, produced file notes, and deposition testimony.  Doc. 156.

The Rules of Evidence allow an expert to base opinions "on facts or data in the case that the expert has been made aware of or personally observed."  Fed. R. Evid. 703.  The expert may rely on that information even if it is inadmissible.  Id.  In its Reply, Defendant makes no argument about whether the data Plaintiffs cite makes Markwardt's statements in Paragraphs 16, 17, and 20 unreliable.  Defendant's only argument is the simple statement that the opinions lack foundation.  Without more, the Court declines to exclude those statements (Paragraphs 16, 17, and 20).  Defendant's objections to Paragraphs 16, 17, and 20 are overruled.

## V.     Objections That Testimony Concerns Credibility of Witnesses

Defendant next argues that Paragraphs 33, 39, 40, 42, 47, 54, 57, 64, 65, 66, 67, 68, and 69 should be excluded because Markwardt opines on the credibility of witnesses.  Doc. 140.  Plaintiffs argue in response that Markwardt's opinions concern the creation of false business records.  Doc. 156 at 6.  Plaintiffs contend that a qualified public adjuster may identify false business records as substantive evidence.  Id. at 6–7.  Plaintiffs also argue that these statements should be admitted as "countervailing fact testimony" to rebut statements made by a defense witness.  Id. at 7.

Expert testimony going directly to a witness's credibility is plainly inadmissible.  "[E]xtrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness."  Fed. R. Evid. 608(b).  "Witness credibility is the sole province of the jury."  Snowden v. Singletary, 135 F.3d 732, 739 (11th Cir. 1998); see United States v. Falcon, 245 F. Supp. 2d 1239, 1245 (S.D. Fla. 2003) ("It is well-settled in this Circuit that, absent extreme or unusual circumstances, expert scientific testimony

13

concerning the truthfulness or credibility of a witness is inadmissible because it invades the jury's province in determining credibility."); Dugas v. 3M Co., Case No. 3:14-cv-1096, 2016 WL 7327666, at *7 (M.D. Fla. Mar. 30, 2016) ("Credibility is not a proper subject for expert testimony; the jury does not need an expert to tell it whom to believe, and the expert's stamp of approval on a particular witness's testimony may unduly influence the jury.") (quoting United States v. Benson, 941 F.2d 598, 604 (7th Cir. 1991)).

In each of the relevant Paragraphs (with the exception of Paragraph 54), Markwardt opines that Bryan Roney and "Mr. Milford" (Roney's supervisor) made false or "slanderous" statements to Plaintiffs. These accusations go directly to Roney and Milford's credibility and appear facially to be inadmissible. Plaintiffs' argument that the disputed Paragraphs concern substantive evidence about falsified business records is misplaced. An expert may testify to rebut the underlying factual accuracy of another expert's opinion, but that is not what happened here. Markwardt's testimony that another witness made "false and slanderous allegation[s]" is plainly about credibility, not inaccurate business records. The Court therefore excludes Paragraphs 33, 39, 40, 42, 47, 57, 64, 65, 66, 67, 68, and 69 because they would not assist the factfinder. Paragraph 54, however, does not appear to make any assertion concerning the credibility of another witness, so I overrule Defendants' objection to that Paragraph.

## VI.    Objections to Testimony Involving Speculation

Defendant objects to Paragraphs 47, 62, and 69 on grounds that they "contain speculation by Mr. Markwardt concerning the state of mind of Bryan Roney," as well as ServPro

14

employees.[3]  Doc. 140 at 26, 34.  Defendant argues that this sort of speculation is inadmissible. Id.

In response, Plaintiffs argue that Markwardt's testimony in Paragraphs 47 and 69 concerns Roney's "actions rather than his thoughts."  Doc. 156 at 8.  Plaintiffs argue that Paragraph 62 (about ServPro employees) is admissible because "ServPro itself provided this testimony in its 30(b)(6) deposition."  Id.

Expert testimony "which contain[s] legal conclusions as to another person's state of mind" is inadmissible.  Omar v. Babcock, 177 F. App'x 59, 63 n.5 (11th Cir. 2006); see Tillman v. C.R. Bard, Inc., 96 F. Supp. 3d 1307, 1326 (M.D. Fla. 2015) (finding that expert opinions on "intent, state of mind, or motivations" are "outside the bounds of appropriate expert testimony") (citations omitted).

The relevant Paragraphs contain inadmissible speculation.  In Paragraph 47, Markwardt states, "It is only fair to conclude that Mr. Roney had informed SIU that they could 'slow walk' the report clearing the Davis property against the interests of the Davises, without disclosing this action to the Davises—who would have been livid had they known."  Doc. 121 ¶ 47.  In Paragraph 62, Markwardt explains that ServPro "felt entitled to" decline the Davises' request to clean and repair their property.  Id. ¶ 62.  And in Paragraph 69, Markwardt explains that Roney took the position that Plaintiffs were not eligible for the PSP program because they hired a public adjuster.  Id. ¶ 69.  "Mr. Roney's retaliatory intent does not have to be inferred because he admitted as much at pages 98–99 in his deposition."  Id.  Paragraphs 47 and 69 are speculation about what an individual intended to do or that individual's subjective motivations for taking an

---

[3]      In the Complaint, Plaintiffs identify Bryan Roney as Defendant's employee responsible for inspecting the property and ServPro as the third-party provider hired to repair the property.  Doc. 97 at 3, 7.

action.  Plaintiffs argue that Paragraph 62 should be admissible because Markwardt based his statement on ServPro's deposition testimony.  If true, then Paragraph 62 does not constitute speculation.  However, Plaintiffs have not provided the relevant deposition testimony, so there is no way for the Court to substantiate Plaintiffs' argument.  The Court therefore excludes as speculation Paragraphs 47, 62, and 69.

**VII.     Objections That Testimony Concerns Defendant's Conduct During Litigation**

Defendant argues Paragraphs 70, 71, and 72 should be excluded on grounds that they include opinion concerning the conduct of Defendant during this litigation.  Doc. 140 at 41.  Defendant argues that Markwardt is not qualified to make those opinions and that neither party's conduct in the litigation is relevant to this case.  Plaintiffs argue in response that Markwardt's expert analysis "includes forcing the policyholder to resort to litigation to obtain proper claim coverage.  State Farm's unfair litigation practices are part-and-parcel of this misconduct, which is a substantive violation of O.C.G.A. § 33-6-3[4]."  Doc. 156 at 9.

Paragraphs 70, 71, and 72 discuss Defendant's identification and production of discovery materials in the course of litigation.  Markwardt opines that, once certain discovery was produced, "I fully expected Mr. Roney and State Farm to change their tune and accept responsibility."  Doc. 121 ¶¶ 70, 71.  But, states Markwardt, "[t]his litigation conduct has continued this litigation without any legal or factual justification."  Id.

Section 33-6-34 of the Official Code of Georgia governs unfair claims settlement practices.  That statute does not address litigation conduct in its text, and Plaintiffs provide no authority supporting their position that unfair litigation practices are relevant to a violation of the statute.  Plaintiffs also fail to explain why the parties' litigation conduct would be relevant to the conduct giving rise to the claims.  The Court excludes Paragraphs 70, 71, and 72 as unhelpful to the factfinder because they are irrelevant.

16

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part**

Defendant's Motion to Exclude.

**SO ORDERED**, this 8th day of June, 2026.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

17