IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JOSIAH DAVIS, and EMILY DAVIS,

      Plaintiffs,

      v.

STATE FARM FIRE AND CASUALTY
COMPANY,

      Defendant.

CIVIL ACTION NO.: 5:24-cv-15

**O R D E R**

Defendant filed a Motion to Exclude the Second Declaration of Shaun Markwardt. Doc. 168 (Shawn Markward's second declaration is located at Docket Number 145-6). Plaintiffs filed a Response in opposition. Doc. 165.[1] For the following reasons, the Court **GRANTS in part** and **DENIES in part** Defendant's Motion to Exclude.

The Court sustains some of Defendant's objections in their entirety and excludes the following Paragraphs in their entirety: 12, 13, 15, 16, 17, and 18.

The Court sustains in part and overrules in part one of Defendant's objections, such that only the impermissible portions of Paragraph 14 are excluded.

Finally, the Court overrules Defendant's remaining objections and does not exclude the following Paragraphs: 6, 7, 8, 9, and 11.

---

[1]    Prior to filing the instant Motion, Defendant filed a Motion for Leave to File an Out-of-Time Daubert Motion and attached the proposed Daubert Motion as an exhibit. Doc. 153. Plaintiffs represented that they did not oppose the Motion for Leave but responded substantively to the Daubert Motion. Doc. 165. The Court construes the filing as a Response to Document Number 168.

**BACKGROUND**

Plaintiffs filed suit, alleging that they held a home insurance policy with Defendant. Doc. 97.  Plaintiffs allege that a fire occurred at the home and that Defendant violated the policy by refusing to conduct proper repairs.  Id.  Plaintiffs assert claims for breach of the policy, breach of contract outside the policy, bad faith, breach of legal duty, and punitive damages.  Id. at 27–37.

Defendant filed a Motion for Partial Summary Judgment.  Doc. 111.  Plaintiffs filed a Response in Opposition and attached as an exhibit the second declaration of Shaun Markwardt. Doc. 145-6.  Markwardt represents in that declaration that he was Plaintiffs' public adjuster during the dispute and that Plaintiffs have retained him as an expert witness.  Doc. 145-6 ¶¶ 1, 2. Markwardt states that the purpose of the declaration is to rebut Defendant's arguments about an estimate for repair that he prepared as Plaintiffs' public adjuster.  Id. ¶ 3.  The declaration is 18 Paragraphs long.

Defendant filed the instant Motion to Exclude, arguing that several statements Markwardt makes in the declaration are inadmissible under Federal Rule of Evidence 702 and Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993).  Doc. 168.  Defendant argues that Markwardt makes improper legal conclusions, makes rhetorical arguments that do not require expert testimony, engages in speculation, and improperly comments on witness credibility.  Id.

Plaintiffs filed a Response.  Doc. 165.  Plaintiffs assert that Markwardt should be permitted to interpret the insurance policy because it is within his area of expertise and that Defendant has engaged in unfair litigation conduct.  Id.

**LEGAL STANDARD**

The United States Supreme Court's holding in Daubert v. Merrell Dow Pharmaceutical, Inc., 509 U.S. 579 (1993), and the text of Rule 702 require trial judges to serve as gatekeepers in determining the admissibility of expert testimony; however, any decision regarding admissibility is not a position on the strength or weight of the testimony. Fed. R. Evid. 702; Kumho Tire Co. v. Carmichael, 526 U.S. 137, 141 (1999). In this Circuit, courts routinely look to three elements to determine if expert testimony is admissible under Daubert and Rule 702. As the Eleventh Circuit Court of Appeals has stated, the elements for consideration are whether:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

United States v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004) (citations omitted). "[A]lthough there is some overlap among the inquiries into an expert's qualifications, the reliability of his proffered opinion and the helpfulness of that opinion, these are distinct concepts that courts and litigants must take care not to conflate." Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd., 326 F.3d 1333, 1341 (11th Cir. 2003). The trial court has broad latitude in evaluating each of these three factors.

As to qualifications, an expert may be qualified "by knowledge, skill, training, or education." Hendrix ex rel. G.P. v. Evenflo Co., 609 F.3d 1183, 1193 (11th Cir. 2010). The expert need not have experience precisely mirroring the case at bar in order to be qualified. Maiz v. Virani, 253 F.3d 641, 665 (11th Cir. 2001). However, where an expert does have experience directly applicable to an issue at bar, experience alone may provide a sufficient foundation for expert testimony. Frazier, 387 F.3d at 1261.

3

As to reliability, courts look, when possible, to: (1) whether the expert's theory can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error of the particular scientific technique; and (4) whether the technique is generally accepted in the scientific community. Daubert, 509 U.S. at 593–94. However, these factors are not exhaustive, and "a federal court should consider any additional factors that may advance its Rule 702 analysis." Quiet Tech., 326 F.3d at 1341. At all times in this flexible inquiry, the court's focus must be "solely on principles and methodology, not on the conclusions that they generate." Seamon v. Remington Arms Co., LLC, 813 F.3d 983, 988 (11th Cir. 2016) (citation omitted).

Finally, as to the third element, expert testimony is likely to assist the trier of fact to the extent "it concerns matters beyond the understanding of the average lay person and logically advances a material aspect of the proponent's case." Kennedy v. Elec. Ins. Co., Case No. 4:18-cv-148, 2019 WL 2090776, at *5 (S.D. Ga. May 13, 2019) (citing Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 591 (1993)); Frazier, 387 F.3d at 1262–63. Rule 702 permits experts to make conclusions based on competing versions of the facts, but those conclusions must still assist the trier of fact by explaining something that is "beyond the understanding of the average lay person." Jackson v. Catanzariti, No. 6:12-CV-113, 2019 WL 2098991, at *10 (S.D. Ga. May 14, 2019) (citing United States v. Frazier, 387 F.3d 1244, 1262 (11th Cir. 2004)). Expert testimony generally will not help the trier of fact "when it offers nothing more than what lawyers for the parties can argue in closing arguments." Id. (quoting Cook v. Sheriff of Monroe Cnty., 402 F.3d 1092, 1111 (11th Cir. 2005)). Such testimony "is properly excluded when it is not needed to clarify facts and issues of common understanding which jurors are able to comprehend

for themselves." <u>Hibiscus Assocs. Ltd. v. Bd. of Trs. of Policemen & Firemen Ret. Sys.</u>, 50 F.3d 908, 917 (11th Cir. 1995) (citations omitted).

"The burden of laying the proper foundation for the admission of the expert testimony is on the party offering the expert, and the admissibility must be shown by a preponderance of the evidence." <u>Allison v. McGhan Med. Corp.</u>, 184 F.3d 1300, 1306 (11th Cir. 1999); <u>McCorvey v. Baxter Healthcare Corp.</u>, 298 F.3d 1253, 1257 (11th Cir. 2002).  However, "it is not the role of the district court to make ultimate conclusions as to the persuasiveness of proffered evidence." <u>Quiet Tech.</u>, 326 F.3d at 1341.  Instead, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." <u>Daubert</u>, 509 U.S. at 596.

## DISCUSSION

At the outset, it is important to note that Defendant frames its Motion as a motion to exclude under Federal Rule of Evidence 702 and <u>Daubert</u>, but many of the arguments raised in the Motion do not relate to standards set forth in 702 or <u>Daubert</u>, such as qualifications, reliability, and helpfulness.  Moreover, Defendant does not appear to raise a traditional <u>Daubert</u> motion, in the sense that it would preclude Markwardt from offering certain expert opinions or preclude him from testifying altogether.  Instead, Defendant makes several challenges to individual paragraphs of Markwardt's second declaration on the grounds that the statements made in those portions of the second declaration are not presented in a form that would be admissible and, therefore, should not be considered for the purposes of summary judgment.  Consequently, I treat Defendant's Motion as a series of objections under Federal Rule of Civil Procedure 56(c)(2) to certain assertions contained in Markwardt's second declaration.

5

I.    **Objections That Testimony Contains Legal Opinion**

Defendant argues that Paragraphs 6, 7, 8, 9, 11, 12, 13, 14, 15, 16, and 17 constitute improper legal opinion.  Doc. 168 at 3.  Defendant explains, "Mr. Markwardt is a public adjuster, not an attorney," and that legal opinions are not admissible because they invade the province of the Court.  Id.  Defendant also argues that Markwardt's opinions are "simply wrong."  Id.

Plaintiffs respond that "Mr. Markwardt's Second Declaration is interpretation and coverage analysis of the insurance policy in suit together with the Statutory Demand."  Doc. 165 at 3.  Plaintiffs argue that "[t]his subject matter is precisely the type [of] 'insurance handling' analysis within Mr. Markwardt's expertise as a licensed qualified Public Adjuster."  Id.  Plaintiffs argue that "this type of document analysis and related opinions are the essence of insurance claim handling analysis, squarely within Mr. Markwardt's field of expertise."  Id. at 4–5.  Plaintiffs also argue that the Motion should be denied "because State Farm's argument is hypocritical and contrary to its own argument to exclude alleged 'claim handling' testimony by Mr. Gagliardi and Mr. Reynolds [Plaintiffs' other retained experts] . . . ."  Id. at 4.  Finally, Plaintiffs argue that Defendants' assertions that Markwardt's testimony is "simply wrong" goes to the weight of his testimony, not its admissibility.  Id. at 3.

As an initial matter, expert witness testimony is not excludable just because a party claims it is wrong.  The Eleventh Circuit Court of Appeals has consistently held that "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible testimony."  Quiet Tech., 326 F.3d at 1345.  As a result, Defendant's contentions that Mr. Markwardt's testimony is "wrong" are without merit.

In several Paragraphs, however, Markwardt delivers legal opinions, and this testimony is inadmissible regardless of his qualifications.  Interpretation of contracts, including insurance policies, is a "legal conclusion that experts may not opine on."  Great Lakes Ins. Se. v. Williams, Case No. 1:23-CV-23556, 2025 WL 2144467, at *5 (S.D. Fla. Mar. 31, 2025) (collecting cases); see Rosen v. Protective Life Ins. Co., 817 F. Supp. 2d 1357 (N.D. Ga. 2011) (excluding proposed testimony that "seeks to displace the role of the Court by offering [the expert's] opinion on the scope of the obligations described by the unambiguous language of the [contract]").  The only time an expert may testify about contract terms is if the language in the contract is ambiguous. "Absent a finding of ambiguity, expert testimony regarding the interpretation of an insurance policy is clearly not admissible."  Pa. Nat'l Mut. Cas. Ins. Co. v. All State Constr., Inc., 761 F. Supp. 2d 1306, 1311 (M.D. Ala. 2011).  And even if a contract is ambiguous, expert testimony is only admissible in limited circumstances, such as to "clarify or define terms of art, science, or trade."  LM Ins. Corp. v. Halleluyah Restoration, LLC, CV 422-011, 2023 WL 2401570, *7 (S.D. Ga. Mar. 8, 2023) (quoting SEC v. Goldsworthy, Civ. Action No. 06-10012, 2008 WL 2943398, at *12 (D. Mass. Jan. 3, 2008)).

Paragraphs 6, 7, 8, 9, and 11 do not contain legal opinions.  In those Paragraphs, Markwardt explains how the policy works in an operational sense and discusses his estimate. Doc. 145-6 ¶¶ 6, 7, 8, 9, 11.  I overrule Defendant's objections to these Paragraphs.

However, Paragraphs 12, 13, 15, 16, and 17 consist entirely of legal opinions and should be excluded.  Paragraph 12 is an interpretation of the meaning of O.C.G.A. § 33-4-6.  Paragraph 13 states a legal opinion that Defendant's position in the litigation is meritless and Defendant acted unlawfully and acted in a way that was "unreasonable, frivolous, and in bad faith."  Id. ¶ 13.  In Paragraph 15, Markwardt accuses State Farm of retaliating against Plaintiffs.  Id. ¶ 15.

Similarly, in Paragraphs 16 and 17, Markwardt accuses Defendant of bad faith.  Id. ¶¶ 16, 17.  Because each of these Paragraphs consists entirely of legal opinions, they are inadmissible.

Plaintiffs' arguments to the contrary miss the central point.  Plaintiffs argue that Markwardt is qualified to review, understand, and apply legal standards.  But, as explained above, it would be impermissible for any expert to opine on legal standards absent a finding of ambiguity, regardless of their qualifications.  The problem with Markwardt's testimony here is not that he is unqualified to give it but rather that, by doing so, he infringes on the Court's role.  Therefore, I sustain Defendant's objections to Paragraphs 12, 13, 15, 16, and 17.

The final sentence of Paragraph 14 consists of a legal opinion, but the rest of the Paragraph does not.  Id. ¶ 14.  In Paragraph 14, Markwardt provides a detailed analysis of coverages based explicitly on his experience as an insurance adjuster.  The only sentence in which he states a legal conclusion is the final one.  So, only the final sentence of Paragraph 14 is an inadmissible legal conclusion ("Since State Farm did not address the Personal Property or Other Structures coverage, this is sufficient to find State Farm acted unreasonable, frivolous, and in bad faith.").  Therefore, I sustain Defendant's objection as it pertains to the final sentence of Paragraph 14 but overrule Defendant's objection as to the remainder of that Paragraph. The Court excludes from evidence Paragraphs 12, 13, 15, 16, 17, and the final sentence of Paragraph 14 from Shaun Markwardt's second declaration.  I overrule Defendant's objections to Paragraphs 6, 7, 8, 9, and 11.

**II.      Objections That Testimony Contains Arguments to Be Made By Counsel**

Defendant argues that Paragraphs 13, 14, 15, 16, and 17 "will not help the trier of fact" because they "offer[] nothing more than what plaintiffs' counsel can argue in closing argument." Doc. 168 at 13–14.  Plaintiffs respond that "[a]nalyzing and explaining the significance of

complex, interrelated, technical and in some cases cryptic documents is not . . . delivering legal opinions or the closing argument at trial." Doc. 165 at 4.  Plaintiffs state that "this type of document analysis and related opinions are the essence of insurance claim handling analysis, squarely within Mr. Markwardt's field of expertise." Id. at 5.

An expert "may not testify to the legal implications of conduct or tell the jury what result to reach." Commodores Entm't Corp. v. McClary, 879 F.3d 1114, 1128 (11th Cir. 2018) (citation and marks omitted).  And to be helpful to a jury, the expert testimony must offer more "than what lawyers for the parties can argue in closing arguments." Cook v. Sheriff of Monroe Cnty., 402 F.3d 1092, 1111 (11th Cir 2005).  What is more, an "imprecise opinion easily could serve to confuse the jury[] and might well have misled it." Id. (quoting United States v. Frazier, 387 F.3d 1244, 1266 (11th Cir. 2001)).

Paragraph 14 provides detailed analysis based on Markwardt's experience as a claims adjuster.  Doc. 145-6 ¶ 14.  I overrule Defendant's objection to this Paragraph.

However, Paragraphs 13, 15, 16, and 17 consist entirely of argument that should be made by counsel, not a witness.  Paragraph 13 is a simple conclusion that Defendant paid the claim improperly. Id. ¶ 13.  In Paragraph 15, Markwardt accuses Defendant of retaliation. Id. ¶ 15.  In Paragraph 16, Markwardt accuses Defendant of dishonesty. Id. ¶ 16.  In Paragraph 17, Markwardt offers what is essentially a bare legal conclusion. Id. ¶ 17.  Paragraphs 13, 15, 16, and 17 provide nothing that Plaintiffs' counsel cannot provide at closing argument and are therefore inadmissible.  I sustain Defendant's objections to these Paragraphs.

**III.    Objections That Testimony Concerns Credibility of Witnesses**

Defendant next argues that Paragraphs 15, 16, and 17 implicate the credibility of witnesses. Doc. 168 at 15. Defendant asserts that "expert testimony concerning the truthfulness or credibility of a witness is inadmissible because it invades the jury's province to make credibility determinations." Id. at 17. Plaintiffs do not address these arguments in their Response.

Expert testimony going directly to a witness's credibility is plainly inadmissible. "[E]xtrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Fed. R. Evid. 608(b). "Witness credibility is the sole province of the jury." Snowden v. Singletary, 135 F.3d 732, 739 (11th Cir. 1998); see United States v. Falcon, 245 F. Supp. 2d 1239, 1245 (S.D. Fla. 2003) ("It is well-settled in this Circuit that, absent extreme or unusual circumstances, expert scientific testimony concerning the truthfulness or credibility of a witness is inadmissible because it invades the jury's province in determining credibility."); Dugas v. 3M Co., Case No. 3:14-cv-1096, 2016 WL 7327666, at *7 (M.D. Fla. Mar. 30, 2016) ("Credibility is not a proper subject for expert testimony; the jury does not need an expert to tell it whom to believe, and the expert's stamp of approval on a particular witness's testimony may unduly influence the jury.") (quoting United States v. Benson, 941 F.2d 598, 604 (7th Cir. 1991)).

Paragraphs 15 and 17 may be inadmissible for other reasons, but Markwardt provides no opinion about any other witness in those Paragraphs. Doc. 145-6 ¶¶ 15, 17. However, in Paragraph 16, Markwardt accuses Bryan Roney of making false statements, creating false business records, misleading Plaintiffs, and concealing misconduct. Id. ¶ 16. Therefore,

Paragraph 16 of Markwardt's second declaration is inadmissible as unhelpful to the factfinder because it goes to another witness's credibility.

## VI.    Objections to Testimony Involving Speculation

Defendant also argues that Paragraphs 15, 16, and 17 should be excluded as speculation because "[s]peculation concerning another's state of mind is not admissible."  Doc. 168 at 17. Plaintiffs do not address these arguments in their Response.

Expert testimony "which contain[s] legal conclusions as to another person's state of mind" is inadmissible.  Omar v. Babcock, 177 F. App'x 59, 63 n.5 (11th Cir. 2006); see Tillman v. C.R. Bard, Inc., 96 F. Supp. 3d 1307, 1326 (M.D. Fla. 2015) (finding that expert opinions on "intent, state of mind, or motivations" are "outside the bounds of appropriate expert testimony") (citations omitted).

In Paragraph 15, Markwardt states that Defendant retaliated against Plaintiffs.  Doc. 145-6 ¶ 15.  This is problematic for other reasons (see above), but the Paragraph itself contains no indication of speculation about any individual's state of mind.  Paragraph 17 also contains no speculation.  In Paragraph 16, however, Markwardt comments on Bryan Roney's "deliberate" actions.  Doc. 145-6 ¶ 16.  This is clearly speculative because Markwardt cannot make a legal conclusion about whether an individual acted deliberately.  The Court therefore excludes Paragraph 16 as unhelpful to the factfinder.

## VII.    Objections to Conclusions That Are Outside the Scope of Expert Testimony

Defendant argues that, in Paragraph 11, Markwardt comments on the litigation process, which is "completely outside the scope of his license as a public adjuster and is therefore inadmissible."  Doc. 168 at 11.  Plaintiffs provide no argument in response.

11

In Paragraph 11, Markwardt states that Defendant "failed to provide" discovery information.  Doc. 145-6 ¶ 11.  This is a simple observation and is not automatically inadmissible just because it is "outside the scope" of a claims adjuster's expertise.  The Court declines to exclude Paragraph 11 on this basis.

**VIII.   Objections That Testimony Merely Parrots Other Witness's Testimony**

Lastly, Defendant argues that Paragraph 18 includes impermissible "parroting" of another expert.  Doc. 168 at 22.  Markwardt states in Paragraph 18: "I have thoroughly reviewed Mr. Davis[']s declaration and exhibits and concur with his findings as true and accurate."  Doc. 145-6 ¶ 18.  Defendant argues that an expert cannot reference another purported expert's opinions by "merely regurgitat[ing]" them.  Doc. 168 at 22.  Plaintiffs provide no argument in response.

Rule 703 "does *not* permit an expert to simply repeat or adopt the findings of another expert without attempting to assess the validity of the opinions relied upon."  La Gorce Palace Condo. Ass'n v. Blackboard Specialty Ins. Co., 586 F. Supp. 3d 1300, 1306 (S.D. Fla. 2022) (emphasis in original) (citation and marks omitted).  But Markwardt does precisely that in Paragraph 18, so Paragraph 18 is clearly inadmissible.  I sustain Defendant's objection to Paragraph 18.

CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** Defendant's Motion to Exclude.

The Court sustains some of Defendant's objections in their entirety and excludes the following Paragraphs in their entirety: 12, 13, 15, 16, 17, and 18.

The Court sustains in part and overrules in part one of Defendant's objections, such that only the impermissible portions of Paragraph 14 are excluded.

Finally, the Court overrules Defendant's remaining objections and does not exclude the following Paragraphs: 6, 7, 8, 9, and 11.

**SO ORDERED**, this 8th day of June, 2026.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA