IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JOSIAH DAVIS, and EMILY DAVIS,

        Plaintiffs,

        v.

STATE FARM FIRE AND CASUALTY
COMPANY,

        Defendant.

CIVIL ACTION NO.: 5:24-cv-15

## O R D E R

Plaintiffs filed a Motion for Partial Summary Judgment.  Doc. 114.  In support of the Motion, Plaintiffs filed the declaration of Emily Davis.  Docs. 119.  Defendant also filed a Motion for Partial Summary Judgment.  Doc. 111.  Plaintiffs filed a Response in Opposition, doc. 145, and included as exhibits the second declaration of Josiah Davis, doc. 145-2, and the second declaration of Jim Gagliardi, doc. 145-5.  Defendant filed Objections to the declaration of Emily Davis, doc. 139, the second declaration of Josiah Davis, doc. 151, and the second declaration of Jim Gagliardi, doc. 152.  Plaintiffs filed Responses.  Docs. 159, 163, 164.

The Court previously issued an Order ruling on Defendants' Objections.  Doc. 185.  That previous Order contained a typographical error related to Paragraph 79 of Mr. Davis's declaration.  To correct that typographical error, I **VACATE** and **REPLACE** my previous Order, doc. 185.

As to Emily Davis's declaration, doc. 119, the Court **SUSTAINS** Defendant's evidentiary objections to paragraphs 3, 9, 16, 26, and 28.  The Court **OVERRULES** Defendant's evidentiary objections to paragraphs 2, 4, 12–14, 23, 26, 28, 30, 31, 35–36, 37, and 39.

As to Josiah Davis's second declaration, doc. 145-2, the Court **SUSTAINS** Defendant's Objections to paragraphs 17, 78, and 79.  The Court **OVERRULES** Defendant's Objections to paragraphs 1–16 and 18–77.

As to Jim Gagliardi's second declaration, doc. 145-5, the Court **OVERRULES** Defendant's Objections.

## BACKGROUND

Plaintiffs filed suit against Defendant regarding a fire that occurred at their home.  Doc. 97.  Plaintiffs allege that they maintained an insurance policy with Defendant, insuring their home against loss.  Id.  Plaintiffs allege that, after the fire, they filed a claim under their policy, but Defendant failed or refused to pay it.  Id. at 3–6.  Plaintiffs also allege that they had a second contract to use a third-party contractor, ServPro, to do the repairs.  Id. at 7.  Plaintiffs refer to the contract as a "PSP Agreement" that Defendant also failed to honor.  Id.  Plaintiffs assert claims for breach of contract, bad faith, breach of contract outside the policy, breach of legal duty, and punitive damages.  Id. at 27–36.

Defendant filed a Motion for Partial Summary Judgment.  Doc. 111.  Defendant argues that Plaintiffs' claim for the replacement cost value of the home and contents fails as a matter of law because Plaintiffs did not adhere to relevant policy obligations.  Doc. 111-1 at 12–13.  Defendant argues that Plaintiffs' bad faith claim fails as a matter of law because Defendant had a reasonable ground to dispute the policy, which precludes bad faith.  Id. at 13–19.  Defendant further argues that Plaintiffs' claim for breach of contract outside the policy fails because Defendant is not a party to the PSP Agreement.  Id. at 20–22.  Defendant argues that Plaintiffs' claim for breach of legal duty fails because it impermissibly asserts a tort claim for a contract dispute.  Id. at 22–23.  Finally, Defendant argues that Plaintiff is not entitled to punitive damages

because Georgia law provides an exclusive remedy for extra-contractual damages in the insurance context.  Id. at 23.

Plaintiffs then filed their own Motion for Partial Summary Judgment.  Doc. 114. Plaintiffs ask the Court to find, as a matter of law, that the PSP Agreement formed a valid contract.  Id. at 7–8.  Plaintiffs next argue that, as a matter of law, Defendant breached the terms of the PSP Agreement.  Id. at 8–11.  Plaintiffs argue that, as a matter of law, Defendant breached an implied duty of good faith and fair dealing.  Id. at 11–23.  Plaintiffs also argue that, as a matter of law, Defendant had a fiduciary duty of good faith and breached that duty.  Id. at 23–25. In support of the Motion for Summary Judgment, Plaintiffs filed 36 exhibits and several declarations.  Docs. 115–21.  Relevant here, those exhibits included the Declaration of Emily Davis, doc. 119.

Plaintiffs also filed a Response in Opposition to Defendant's Motion for Summary Judgment, arguing that genuine disputes of material fact exist as to their claims and asserting that Defendant's arguments are "factually incorrect."  Doc. 145 at 9, 10, 11.  In support, Plaintiffs attached a number of exhibits.  Relevant here, those exhibits included the second declaration of Josiah Davis and the declaration of Jim Gagliardi.  Docs. 145-2, 145-5.

Defendant filed Objections to portions of the declaration of Emily Davis, doc. 139, the second declaration of Josiah Davis, doc. 151, and the second declaration of Jim Gagliardi, doc. 152.  Defendant argues that each of these declarations violates the Federal Rules of Evidence.  Id.

## LEGAL STANDARD

A party may move for summary judgment, and the court shall grant it "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(a). A party can support assertions that a fact is or is not genuinely disputed by citing to materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, and other materials. Fed. R. Civ. P. 56(c)(1)(A). A party may object to materials cited to support or dispute a fact if the materials "cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). And a declaration used to support or oppose a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

## DISCUSSION

### I.    Defendant's Objection to the Declaration of Emily Davis

Plaintiffs filed the declaration of Emily Davis, one of the Plaintiffs in the case, in support of their Motion for Partial Summary Judgment. Doc. 119. The declaration is 39 paragraphs long and, in it, Ms. Davis provides a narrative of her experience with Defendant's claims handling process. Id. Defendant makes evidentiary objections to paragraphs 2, 3, 4, 9, 12–14, 16, 23, 26, 28, 30, 31, 35, 36, 37, and 39. Doc. 139.

#### A.    Hearsay

Defendant objects to paragraphs 2, 4, 12–14, 23, 26, 28, 30, 31, and 35–36 as inadmissible hearsay. Id. These paragraphs contain Emily Davis's testimony about statements or conclusions by Josiah Davis, Luis Velazco (described as an independent fire investigator Defendant hired), a fire department, a sheriff's office, a ServPro employee, and Shaun Markwardt (the public adjuster Plaintiffs hired).

4

Plaintiffs respond that these paragraphs do not contain hearsay.  Doc. 159.  Plaintiffs argue that the declarant of each alleged hearsay statement "is a witness in this case that submitted a sworn declaration or deposition testimony including the alleged hearsay statement."  Id. at 1.  Plaintiffs argue that, because the declarant in question "made the statement while testifying," the statements "are not hearsay."  Id. at 2.  Plaintiffs also argue that, even if the statements are hearsay, they are "adequately corroborated" under the residual hearsay exception.  Id. (citing Fed. R. Evid. 807).  Plaintiffs also argue that paragraphs 26 and 28 do not contain hearsay because they refer to public records (in the form of a fire department report and a police report).  Id. at 3.  Those statements, argue Plaintiffs, should be admissible under the public records hearsay exception.  Id. (citing Fed. R. Evid. 803).

### 1.    *Out-of-court statements by other witnesses.*

Paragraphs 2, 4, 12–14, 23, 30, 31, 35, and 36 all contain discussion of statements other individuals made to Emily Davis during the fire investigation.  Those statements are hearsay.  Hearsay is a statement that "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."  Fed. R. Evid. 801(c).  Hearsay is generally not admissible.  Fed. R. Evid. 802.  Plaintiffs argue that the statements in question are not hearsay because the declarants made the statements while testifying (in the form of a deposition or sworn declaration).  However, the statements, as made in Emily Davis's declaration, were clearly not made in the context of any sort of testimony.  For example, in paragraph 12, Emily Davis states: "After completing the fire investigation, Mr. Velazco came out of the house and told us this is not an arson, we have nothing to worry about.  He said the fire was an accident started by the front burner of the gas range that had been left on."  Doc. 119 ¶ 12.  Velazco clearly made that statement to Ms. Davis

at her house in the context of the investigation.  He did not make it while testifying at any hearing.  Plaintiffs' contention that he corroborated the statement later in the form of a deposition or sworn declaration does not change its nature as hearsay in the context of Emily Davis's declaration.

Even if the statements are hearsay, argue Plaintiffs, Rule 807 provides an applicable exception.  That Rule, the "Residual Exception," allows a hearsay statement to be admitted if:

> (1)    the statement is supported by sufficient guarantees of trustworthiness—after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; and
>
> (2)    it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts.

Fed. R. Evid. 807(a).  Plaintiffs argue that the statements are "adequately corroborated" because the declarants made sworn declarations and provided deposition testimony.  Doc. 159 at 2.  If true, however, that would mean that those declarants' own declarations and depositions are almost certainly more probative on the point being offered than Ms. Davis's declaration containing the same statements.  And because that testimony has already been given, Plaintiffs can plainly obtain it through reasonable efforts.  Plaintiffs' stated argument therefore directly precludes the use of the residual exception.

Even though the challenged statements are hearsay, the Objections fail because of the procedural posture of the case.  Plaintiffs filed Emily Davis's declaration in support of summary judgment arguments, and the Court may evaluate hearsay if it could be reduced to an admissible form, even if it is inadmissible now.  A district court "may consider a hearsay statement in passing on a motion for summary judgment if the statement could be reduced to admissible evidence at trial or reduced to admissible form."  Macuba v. DeBoer, 193 F.3d 1316, 1323 (11th Cir. 1999) (citations and marks omitted).  "The most obvious way to reduce hearsay to

admissible form is to call the declarant to testify at trial." Lewis v. Residential Mortg. Sols., 800 F. App'x 830, 834 (11th Cir. 2020) (citing Pritchard v. S. Co. Servs., 92 F.3d 1130, 1135 (11th Cir. 1996)).  The declarant must be identifiable and realistically available to testify, as courts cannot consider hearsay evidence "when there is only a hypothetical witness who might come forward to testify at trial." Id. (citing Jones v. UPS Ground Freight, 683 F.3d 1283, 1294 (11th Cir. 2012)).

Here, Plaintiffs represent that "each witness is on the Davises' witness list and is expected to either testify at trial or have their sworn declaration or deposition testimony admitted into evidence as an unavailable witness." Doc. 159 at 1–2.  Defendant did not respond to or dispute this representation.  Because the hearsay statements in question can be reduced to admissible form at trial, it is inappropriate to exclude them at the summary judgment phase.[1]

In conclusion, paragraphs 2, 4, 12–14, 23, 30, 31, 35, and 36 all contain potential hearsay statements.  However, the statements could be reduced to admissible form at trial.  Therefore, the Court **OVERRULES** Defendant's Objections to these paragraphs.

### 2. *Conclusions made by individuals with the fire department and police department.*

Paragraphs 26 and 28 contain conclusions by unnamed personnel from a fire department and a police department.  In both paragraphs, Ms. Davis states that "the fire department, the police department[,] and Mr. Velazco had already ruled out arson as a potential cause of the fire at our home." Doc. 119 ¶¶ 26, 28.  Defendant argues that these conclusions "constitute hearsay, pursuant to Fed. R. Evid. 801(c)." Doc. 139 at 4.  Plaintiffs respond that references to these reports are admissible under Rule 803(8) because they are public records.

---

[1]    I take no position whatsoever at this point about whether the statements actually will be admissible at trial.

Rule 803 provides a series of exceptions to the hearsay rule, including the public records exception. Under that exception, a record or statement of a public office is admissible if it sets out the office's activities, a matter observed while under a legal duty to report, or factual findings in a civil case or against the government in a criminal case from a legally authorized investigation. Fed. R. Evid. 803(8). In addition, the burden rests with the opponent of the record to show that "the source of the information or other circumstances indicate a lack of trustworthiness." Fed. R. Evid. 803(8)(B).

Plaintiffs provided the fire department report and the police report as exhibits to their Motion for Partial Summary Judgment. Docs. 115-1, 115-2. There is no indication that these documents are not public records, and Defendant makes no argument that they are not public records. Therefore, the reports themselves are admissible. However, Emily Davis's statement in her declaration is her own conclusion about what the reports state and that statement does not itself constitute a public record. Rule 803(8) likely permits admission of records themselves, not third-party conclusions about the records. In addition, a witness may only testify to a matter if the witness has personal knowledge of the matter. Fed. R. Evid. 602. Ms. Davis's bare conclusions about the fire department and police department reports do not demonstrate personal knowledge. Because Rule 56 explicitly requires affidavits or declarations in support of summary judgment to be made only on personal knowledge, Emily Davis's conclusions about statements made in the reports are not admissible. Fed. R. Civ. P. 56(c)(4).

The Court, therefore, **SUSTAINS** Defendant's Objections to paragraphs 26 and 28. The portions of Emily Davis's declaration in paragraphs 26 and 28 concerning reports from individuals with the fire department and police department are excluded.

**B.** **Speculation About Another's State of Mind**

In paragraphs 3, 9, and 16, Ms. Davis narrates the experiences of both her and her husband. For example, in paragraph 16, Ms. Davis states: "We were so concerned by Mr. Roney's allegations that we started the process and ultimately filed a complaint requesting a different claim adjuster." Doc. 119 ¶ 16. Defendant objects to Paragraphs 3, 9, and 16 because they contain "speculation by Ms. Davis concerning the state of mind of her husband." Doc. 139 at 2, 3. Defendant argues that this sort of speculation is inadmissible under Federal Rule of Evidence 701. Id.

In response, Plaintiff argues that the statements are admissible testimony as to Ms. Davis's state of mind and refer to her and her husband's actions, rather than his thoughts. Plaintiffs state: "[I]t is the Davises' actions rather than their thoughts that are relevant to the legal issues in this dispute." Doc. 159 at 5.

Federal Rule of Evidence 602 only allows a witness to testify to a matter "if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. As currently phrased, paragraphs 3, 9, and 16 state what both Emily Davis and her husband thought and did. In paragraph 3, Ms. Davis states: "We both understood on March 20, 2023, that all we were required to do was sign, pay our deductible, and approve the final construction . . . ." Doc. 119 ¶ 3. In paragraph 9, she states: "We were not aware, did not approve, and would not have approved delaying the cleaning and repairs of our property if we knew that's what Mr. Roney intended to do." Id. ¶ 9. And in paragraph 16, she states: "We were so concerned by Mr. Roney's allegations that we started the process and ultimately filed a complaint requesting a different claim adjuster." Id. ¶ 16.

9

Plaintiffs have not shown that Ms. Davis has any personal knowledge of Mr. Davis's perception.  As a result, she cannot testify that Mr. Davis "understood" something, that he "would not have approved" of something, or that he was "concerned" about something.  Further, Plaintiffs' argument that paragraphs 3, 9, and 16 concern actions, not statements, would have merit if they only concerned the actions taken.  But the statements do more than that; they concern both Ms. Davis's state of mind and Mr. Davis's state of mind in addition to describing the action.

Because paragraphs 3, 9, and 16 of Ms. Davis's declaration contain statements about Mr. Davis's state of mind and Plaintiffs have not shown that Ms. Davis has personal knowledge of Mr. Davis's state of mind, those statements are inadmissible under Rule 56(c)(4).  The Court **SUSTAINS** Defendant's objections to paragraphs 3, 9, and 16.  The portions of Emily Davis's declaration in paragraphs 3, 9, and 16 concerning Mr. Davis's state of mind are excluded.

### C.      Lay Opinion

In paragraphs 37 and 39, Ms. Davis describes the damages that Plaintiffs contend they incurred due to delays in repairing their home.  Because the paragraphs contain complex statements and the parties' briefing on this particular issue is very limited, it is helpful to provide them in full.  Paragraph 37 reads:

> The six months of delay orchestrated by Mr. Roney, including h[i]s cancellation of the original PDP Assignment to ServPro on April 20 and 27, 2023, and release of ServPro from our PSP Agreement with ServPro without our approval on October 2, 2023, caused us to incur substantial financial damages including but not limited to, unmitigated mold growth in the crawlspace, unmitigated mold growth in the living space, unmitigated mold growth to contents, unlawfully extended need for additional living expenses ("ALE"), and unlawfully extended costs of maintaining the insured property in an uninhabitable state.  These damages continue to mount, and will continue to mount, until proper mitigation is performed.

Paragraph 39 reads:

The delay in repairing the insured property caused by Mr. Roney, followed by cancellation of the PSP Agreement with ServPro without our approval, caused us to incur substantial physical pain and discomfort as well as emotional damage and terror from the threat of losing their home from a denial of insurance coverage for the claim, followed by incredible under payment of the claim, which continues to the present.

Defendant argues that these paragraphs constitute improper lay opinion and should be excluded per Federal Rule of Evidence 701. Doc. 139 at 5. Plaintiffs argue in response that these paragraphs should be admitted because they are "rationally based on the witness's perception." Doc. 159 at 6.

Lay witnesses may provide opinion testimony, but the testimony must satisfy three conditions. The testimony must be: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. It appears clear that Ms. Davis's testimony here is rationally based on her own perception. And it would arguably be helpful to understanding the witness's testimony because it gives insight into her perception about her damages. In addition, while Ms. Davis's testimony delves into causation, her statements are limited to direct consequences on her own finances and personal experience. "Rule 701 does not prohibit lay witnesses from testifying based on particularized knowledge gained from their own personal experiences." United States v. Hill, 643 F.3d 707, 841 (11th Cir. 2011). Ms. Davis clearly has personal experience with her own financial damages resulting from the incident and her own emotional wellbeing. This sort of testimony does not extend into the sort of specialized knowledge Rule 702 contemplates. Because Paragraphs 37 and 39 satisfy the criteria of Federal Rule of Evidence 701, they are

11

admissible lay opinion testimony.  The Court **OVERRULES** Defendant's objections to paragraphs 37 and 39.

### D. Relevance

Defendant argues that, in addition to its lay opinion assertion, Paragraph 39 contains information that is "irrelevant to any issue before the Court."  Doc. 139 at 5.

Evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401.  Defendant provides no reason why a plaintiff's discussion of emotional damages is not relevant to any consequential fact in this litigation.  Given that "relevance under the Federal Rules of Evidence is a low standard," the parties' briefing presents no reason to exclude paragraph 39 on relevance grounds.  United States v. Sumner, 522 F. App'x 806, 810 (11th Cir. 2013).  The Court **OVERRULES** Defendant's Objection to paragraph 39 on this ground, as well.

## II. Defendant's Objection to the Declaration of Josiah Davis

Plaintiffs included the second declaration of Josiah Davis as an exhibit to their Response to Defendant's Motion for Partial Summary Judgment.  Doc. 145-2.  Defendant objects to the declaration in its entirety, arguing that the declaration constitutes previously undisclosed expert witness testimony, in violation of Federal Rule of Civil Procedure 26(a)(2).  Doc. 151. Defendant argues that "[p]rior to filing the Second Declaration of Josiah Davis on April 3, 2026, plaintiffs never identified Josiah Davis as a non-retained expert" though the deadline to identify expert witnesses was July 28, 2025.  Id. at 2.

Plaintiffs make three arguments in response.  First, Plaintiffs argue that Mr. Davis only provides expert testimony in paragraph 78 of the declaration.  Therefore, every other paragraph

in the declaration should be admitted.  Doc. 163 at 1.  Second, Plaintiffs argue that Mr. Davis should be able to provide the testimony in question because he has personal knowledge based on his construction experience.  Plaintiffs explain that Mr. Davis "does not require a general contractor license or designation as a non-retained expert witness under the Federal Rules to voice his observations and visceral rejection of the woefully inadequate and unreasonable repairs . . . ."  Id. at 2–3.  Third, Plaintiffs argue that Mr. Davis is qualified as an expert and explain that they have filed a motion to designate him as a non-retained expert.  Id. (citing Doc. 162).

A.    **Scope of Disputed Testimony**

Defendant asks the Court to exclude Josiah Davis's entire declaration "for any purpose in this case" based on the "late disclosure of the purported expert testimony."  Doc. 151 at 2. Plaintiffs argue that the "objection is only applicable to paragraph 78 discussing Exhibit-A of the declaration directed to the inadequacy of State Farm's Final Estimate (Doc. 111-11) to repair the insured property."  Doc. 163 at 1.

The majority of Josiah Davis's declaration appears to be a narrative of his interactions with Defendant and its employees.  Mr. Davis offers opinions during that narrative, but lay opinion testimony is admissible.  As explained above, lay opinion testimony is (a) rationally based on the witness's perception, (b) helpful to determining a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge.  Fed. R. Evid. 701.  Most paragraphs in the declaration fall within those parameters, and Defendant provides no argument or reason to believe otherwise.  Having reviewed the entire declaration, I conclude that Paragraphs 1–16 and 18–77 do not contain any expert opinions.

**B.    Paragraphs 17, 78, and 79 Contain Expert Witness Testimony**

In paragraph 17, Mr. Davis refers to his "professional familiarity with construction in the United States" as the basis for his opinion that ServPro "would perform most of the cleaning and repairs . . . ." Doc. 145-2 ¶ 17.  In paragraph 78, Mr. Davis engages in extensive discussion about repair costs and estimates.  Id. ¶ 78.  And in paragraph 79, Mr. Davis concludes: "These are only representative examples of omissions, understatements and obvious errors in State Farm's final Estimate and reasons why State Farm['s] payment of our claim is inadequate, unjustified, and totally unreasonable."  Id. ¶ 79.

The parties do not discuss whether paragraph 17 contains expert testimony, but Mr. Davis expressly relies upon professional experience in construction as the basis for his opinion.  Id. ¶ 17.  Plaintiffs affirmatively argue that paragraph 78 is not expert testimony.  Doc. 163 at 2.  Plaintiffs argue that "[a]s the homeowner with sufficient construction experience including management and personal participation in the renovation of the insured property, Mr. Davis . . . has sufficient personal knowledge to provide the information in paragraph 78 and Exhibit-A of his declaration."  Id. at 2–3.  Plaintiffs argue further that Mr. Davis does not need to be designated as an expert "to voice his observations and visceral rejection of the woefully inadequate and unreasonable repairs covered by State Farm's Final Estimate . . . ."  Id. at 3.

Paragraph 78 of the declaration is roughly four pages long and includes a detailed narrative from Mr. Davis evaluating Defendant's final estimate for repair work.  Mr. Davis explains that Bryan Roney, the adjuster who prepared the estimate for Defendant, "is not a licensed contractor, has no training or experience repairing buildings contaminated by asbestos, and none of the licensing or experience required to actually perform the work priced-out in his final estimate."  Doc. 145-2 ¶ 78.  Mr. Davis documents a series of "omissions, understatements,

and errors" in the estimate.  Id.  Mr. Davis describes the estimate as "unrealistic" and "contradictory."  Id. ¶ 78(c).  Mr. Davis provides opinions on "ordinance and law compliance." Id. ¶ 78(g).  Mr. Davis provides opinions on roof repair, stating for example that "a roof carpenter cannot simply remove and replace two roof rafters in a roof truss without cutting apart and destroying the truss."  Id. ¶ 78(j).  Mr. Davis describes the estimate as taking an "amateur, substandard patchwork approach to . . . the entire construction."  Id. ¶ 78(k).  Mr. Davis concludes by describing the estimate as "amateur guess work by someone unqualified to estimate, much less actually perform the work."  Id. ¶ 78(l).  Paragraph 79 provides a conclusion that Mr. Davis's opinions in paragraph 78 are not exhaustive.

The opinions Josiah Davis expresses in paragraphs 17, 78, and 79 clearly fall within the definition of expert testimony.  Relevant here, lay witnesses cannot testify about information "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.  And courts consistently treat opinions about costs and repairs to a home as expert opinions requiring "specialized knowledge of construction and repair work."  Pendarvis v. Am. Bankers Ins. Co., 354 F. App'x 866, 869 (5th Cir. 2009); see Jones Creek Investors, LLC v. Columbia County, 98 F. Supp. 3d 1279, 1289 (S.D. Ga. 2015) (excluding cost estimate and damages testimony from a lay witness because it was "based on specialized knowledge"); Wood v. Hartford Ins. Co., Case No. 5:20-cv-212, 2021 WL 6882444, at *2 (N.D. Fla. Oct. 22, 2021) (excluding lay opinion testimony about cost estimates to repair a home because the testimony required specialized knowledge); Bolis v. State Farm Fire & Cas. Co., Civ. Action No. 1:24-0417, 2026 WL 323072, at *5 (S.D. Ala. Feb. 6, 2026) ("[I]t is well-settled that expert evidence is generally necessary to establish the cause and scope of damage.") (quoting Porben v. Atain Specialty Ins. Co., 546 F. Supp. 3d 1325, 1330 (S.D. Fla. 2021)).  Because Josiah Davis's

testimony consists primarily of disagreements with a claims adjuster about the scope of repair and cost estimates, including opinions on regulatory compliance, paragraphs 17, 78, and 79 of his declaration consist almost entirely of expert opinion testimony.

Plaintiffs argue that Mr. Davis's testimony is admissible lay opinion because he has personal knowledge of the matters about which he testifies.  Whether Mr. Davis has personal knowledge does not resolve the issue.  If Mr. Davis is offering an expert opinion, then his testimony must meet the requirements of Rule 701 and Rule 702, regardless of whether he has personal knowledge.  Indeed, an expert does not necessarily need personal knowledge of a matter to testify about that matter.  Fed. R. Evid. 703.  Expert testimony is simply that which is "based on scientific, technical, or other specialized knowledge," regardless of whether the witness has personal knowledge.  Fed. R. Evid. 701(c).  As explained above, according to Mr. Davis, his opinion testimony is based on his specialized knowledge and, therefore, that testimony constitutes expert opinion testimony.  Mr. Davis's opinion testimony in paragraphs 17, 78, and 79 must, therefore, satisfy the requirements of Federal Rules of Evidence 701 and 702, as well as the disclosure requirements under the Federal Rules of Civil Procedure.[2]

### C.    Plaintiffs Did Not Disclose Josiah Davis as an Expert Witness

Because Josiah Davis's paragraphs 17, 78, and 79 testimony constitutes expert opinion, the Federal Rules of Civil Procedure require Plaintiffs to properly disclose him as a non-retained expert.  A party who uses expert witnesses must disclose the identity of non-retained experts.  Fed. R. Civ. P. 26(a)(2)(A).  The disclosure must include the subject matter on which the witness

---

[2]    This Order does not prevent Mr. Davis from testifying about the home's value more generally. An owner of property generally "is competent to testify regarding its value." Williams v. Mosaic Fertilizer, LLC, 889 F.3d 1239, 1250 (11th Cir. 2018) (citation omitted).  His statements in the declaration go beyond what a property owner would be expected to know about his home's value and are based on technical or specialized knowledge.

16

is expected to testify and a summary of facts and opinions about which the witness will testify. Fed. R. Civ. P. 26(a)(2)(C).  It is undisputed that Plaintiffs did not disclose Josiah Davis as an expert prior to providing his second declaration.  However, Plaintiffs explain in their brief that they have "filed a Motion for Leave to designate Josiah Davis as a non-retained expert . . . on the subject of inadequacy of State Farm's Final Estimate to properly repair the insured property." Doc. 163 at 3.  Defendant also filed a <u>Daubert</u> motion to exclude the declaration.  Doc. 167.  The Court has issued its ruling on those motions, denied Plaintiffs' request for leave to designate Josiah Davis as an expert, and determined that Josiah Davis may not testify as an expert in this case.  Doc. 184.  Because paragraphs 17, 78, and 79 of his second declaration constitute expert testimony, those paragraphs are inadmissible.

I **OVERRULE in part** Defendant's Objection.  Paragraphs 1–16 and 18–77 of Josiah Davis's second declaration, doc. 145-2, are admissible.  However, because paragraphs 17, 78, and 79 of the same declaration are inadmissible expert testimony, I **SUSTAIN** Defendant's Objection as to paragraphs 17, 78, and 79.  The portions of Josiah Davis's declaration in paragraphs 17, 78, and 79 containing expert opinions or statements not based on Mr. Davis's personal knowledge are excluded.

### III.    Defendant's Objection to the Second Declaration of Jim Gagliardi

Plaintiffs included the second declaration of Jim Gagliardi as an exhibit to their Response to Defendant's Motion for Partial Summary Judgment.  Doc. 145-5.  In the declaration, Gagliardi explains that he is a retained expert witness in this case and seeks to rebut Defendant's estimate filed in support of its Motion for Partial Summary Judgment.  <u>Id.</u> ¶ 3.  In paragraph 4 of the declaration, Gagliardi refers to "a set of schedules providing a detailed analysis of State Farm's Final Estimate" that were attached to Josiah Davis's second declaration.  <u>Id.</u> ¶ 4 (referring to

schedules at Doc. 111-11).  Gagliardi explains that he "assisted with preparation of these schedules" and that he "reviewed and fully support[s]" the schedules.  Gagliardi also states he "will be available to support these schedules and rebut any expert testimony that State Farm may introduce in support of its . . . Final Estimate at trial."  Id.

Defendant objects to paragraph 4 of the declaration, arguing that it contains an impermissible reference to another purported expert's opinions.  Doc. 152 at 2.  Plaintiffs, in response, dispute Defendant's characterization, explaining that "Mr. Gagliardi's testimony literally explains his role in helping to prepare, review, and validate the construction analysis . . . ."  Doc. 164 at 2.

Defendant's objections to Jim Gagliardi's second declaration are unconvincing. Gagliardi merely explains that he helped prepare an item used as an exhibit in Josiah Davis's second declaration and would be able to testify to support the exhibit at trial.  To the extent that Gagliardi intends to authenticate the exhibit, Defendant provides no reason why he should not be able to do so.  Defendant argues that Gagliardi attempts to "regurgitate" another purported expert's work product.  Doc. 164 at 2.  But, based on the declaration, Gagliardi is claiming the exhibit as his own work product (at least in part), and he is not merely parroting the work product of someone else.  State Farm may raise questions about Josiah Davis's ability to rely on Gagliardi's work product, but Gagliardi is permitted to authenticate and discuss his own work product.  The Court **OVERRULES** Defendant's Objection to the second declaration of Jim Gagliardi.

## CONCLUSION

For the foregoing reasons, the Court **SUSTAINS** Defendant's Objections in part and **OVERRULES** the Objections in part.

As to Emily Davis's declaration, doc. 119, the Court **SUSTAINS** Defendant's evidentiary objections to paragraphs 3, 9, 16, 26, and 28.  The Court **OVERRULES** Defendant's evidentiary objections to paragraphs 2, 4, 12–14, 23, 26, 28, 30, 31, 35–36, 37, and 39.

As to Josiah Davis's second declaration, doc. 145-2, the Court **SUSTAINS** Defendant's Objections to paragraphs 17, 78, and 79.  The Court **OVERRULES** Defendant's Objection to paragraphs 1–16 and 18–77.

As to Jim Gagliardi's second declaration, doc. 145-5, the Court **OVERRULES** Defendant's Objection.

**SO ORDERED**, this 8th day of June, 2026.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

19